IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| M.C., Individually and on behalf of all similarly situated Persons, <br><br> Plaintiff, <br><br> v. <br><br> EAST SIDE HEALTH DISTRICT, <br><br> Defendant. | Case No. 3:24-CV-01336-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court is Plaintiff M.C.'s Motion to Keep her Identity Private. (Doc. 43). Defendant, East Side Health District ("East Side"), opposes Plaintiff's motion, arguing that she has not demonstrated "exceptional circumstances" warranting her use of a pseudonym to litigate this case.

Plaintiff is a former patient at East Side whose personal health information and personally identifying information was allegedly compromised in a data breach. (Doc. 36 ¶¶ 1, 2 (Am. Compl.)). Although she brings this putative class action on behalf of herself and other similarly situated patients, she wants to continue litigating it anonymously. She claims that "[o]ngoing and further harm would be done to [her] if she were forced to reveal her identity in the course of this litigation which would trigger further association to cases pending throughout the State of Illinois." (Doc. 43). Plaintiff's motion does not elaborate on the "harm" she expects to suffer if her identity is revealed. Nevertheless, in her view, anonymity is warranted because East Side would not be prejudiced by it.

"The norm in federal litigation is that all parties' names are public." *Doe v. Trs. of Ind. Univ.*, 101 F.4th 485, 491 (7th Cir. 2024). The Seventh Circuit has emphasized this principle repeatedly and urged district courts to view requests for pseudonymous litigation with some skepticism. *See id.*; *Doe v. Vill. of Deerfield*, 819 F.3d 372, 376-77 (7th Cir. 2016); *Mueller v. Raemisch*, 740 F.3d 1128, 1133 (7th Cir. 2014); *Coe v. Cnty. of Cook*, 162 F.3d 491, 498 (7th Cir. 1998); *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997) ("*BCBS*"); *Doe v. Young*, No. 24-2871, 2025 WL 927320, at *2 (7th Cir. Mar 27, 2025). This is so because the public "has an interest in knowing the who and the how about the behavior of both judges and those who call on the large subsidy of the legal system." *Trs. of Ind. Univ.*, 101 F.4th at 491. Rule 10(a) of the Federal Rules of Civil Procedure, for its part, reflects this principle by demanding that the title of a complaint "name all the parties" to the case. It is thus well-established that "[t]he use of fictitious names is disfavored, and the judge has an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal courts." *BCBS*, 112 F.3d at 872.

The general rule, however, is not impenetrable. Sometimes "exceptional circumstances" warrant a litigant's anonymity. *Id.* It is the anonymous litigant's burden to demonstrate that the circumstances of her case "outweigh both the public policy in favor of identified parties and the prejudice to the opposing party that would result from anonymity." *Vill. of Deerfield*, 819 F.3d at 377. The protection of a party's identity is particularly appropriate in cases involving minors, victims of sexual assault, people who fear retaliation if their identity in litigation is disclosed, and "other particularly

vulnerable parties." *BCBS*, 112 F.3d at 872; *see also Vill of Deerfield*, 819 F.3d at 377 (explaining circumstances supporting anonymity).

Plaintiff has demonstrated none of the circumstances that would support her continued use of a pseudonym. She is neither a minor, nor has she offered any indication that her treatment at East Side responded to an episode of sexual assault. She also has not attempted to argue that she would be subject to retaliation if her identity is revealed in this case. Also missing from her motion is any citation to relevant case law that would support her claim for anonymity. She simply states, in conclusory fashion, that she would suffer "[o]ngoing and further harm" if she is identified as the Plaintiff in this case.

The Court acknowledges that Plaintiff may face unwanted public scrutiny by being forced to identify herself. Such scrutiny may be particularly uncomfortable for her because this case concerns the alleged exposure of information relating to her healthcare. But that alone is not enough. The Seventh Circuit rejected a similar argument in *BCBS* based on "the sensitivity of [the plaintiff's] psychiatric records." *BCBS*, 112 F.3d at 872. "[T]he fact that a case involves a medical issue," the court explained, "is not a sufficient reason for allowing the use of a fictitious name, even though many people are understandably secretive about their medical problems." *Id.* Here, considering the lack of evidence demonstrating "exceptional circumstances," the Court finds *BCBS* dispositive. The public has a right to know who utilizes the legal system. And while this right is not absolute, Plaintiff has offered no compelling reason to displace it here.

For these reasons, Plaintiff's Motion to Keep her Identity Private (Doc. 43) is **DENIED**. If Plaintiff wishes to continue advancing this case, she **SHALL** file a notice with

the Court identifying herself on or before **February 10, 2026**. If she elects not to identify herself, this action will be dismissed without prejudice. *See Trs. of Ind. Univ.*, 101 F.4th at 493 (requiring district court to dismiss case if plaintiff refuses to reveal his name).

**IT IS SO ORDERED.**

DATED:  February 3, 2026

                                                                                         _____
                                                                                         **NANCY J. ROSENSTENGEL**
                                                                                         **United States District Judge**